UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

THEODORE GINNERY,            )
                             )
        Plaintiff,            )
                             )
    v.                       )      No. 4:06-CV-1389-RWS
                             )
DUSTIN ALLISON,              )
                             )
        Defendant.            )

**ORDER AND MEMORANDUM**

This matter is before the Court upon the application of Theodore Ginnery for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). Although plaintiff has failed to sign the complaint, as required by Rule 11(a) of the Federal Rules of Civil Procedure, the Court will not order him to correct the omission, because this action will be dismissed as legally frivolous.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may

dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, a civilly-committed resident of the Missouri Sexual Offender Treatment Center ("MSOTC"), seeks unspecified relief against defendant Dustin Allison, "a want to be attorney." Plaintiff alleges that defendant "has place[d] in the United States

2

District Court a false motion to say [that plaintiff] is a committed sexually violent predator." Plaintiff claims that the motion is false, because he is "only a detainee to be held for Court."

At the outset, the Court notes that plaintiff has failed to state the grounds for filing this action in Federal Court. Given the nature of the complaint, the Court will liberally construe this action as having been brought pursuant to 42 U.S.C. § 1983. After carefully considering plaintiff's claims, the Court concludes that the instant action is legally frivolous. Plaintiff does not allege, nor is there any indication, that defendant Dustin Allison is a state actor within the meaning of § 1983. Moreover, plaintiff's allegations simply do not rise to the level of a constitutional deprivation and are legally insufficient to establish a denial of rights secured under the Constitution or laws of the United States. In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which

relief may be granted. <u>See</u> 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 15th day of December, 2006.

_____
**UNITED STATES DISTRICT JUDGE**